IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREA N. MINYARD, M.D.,

    Plaintiff,

v.                                                        Case No.:

ESCAMBIA COUNTY, a political
subdivision of the State of Florida,
SANTA ROSA COUNTY, a political
subdivision of the State of Florida,
WALTON COUNTY, a political
subdivision of the State of Florida, and
DISTRICT ONE MEDICAL EXAMINER
SUPPORT, INC.,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, ANDREA N. MINYARD, M.D., sues Defendants, ESCAMBIA COUNTY, a political subdivision of the State of Florida, SANTA ROSA COUNTY, a political subdivision of the State of Florida, WALTON COUNTY, a political subdivision of the State of Florida, and DISTRICT ONE MEDICAL EXAMINER SUPPORT, INC., and alleges:

## THE PARTIES

    1.    Plaintiff, Andrea N. Minyard, M.D. ("Dr. Minyard"), is a Medical Doctor who is Board Certified in Forensic Pathology. Dr. Minyard is female.

1

2. Defendant Escambia County ("Escambia County") is a political subdivision of the State of Florida.

3. Defendant Santa Rosa County ("Santa Rosa County") is a political subdivision of the State of Florida.

4. Defendant Walton County ("Walton County") is a political subdivision of the State of Florida.

5. Defendant District One Medical Examiner Support, Inc. ("DOMES") is a Florida non-profit corporation doing business in Escambia, Santa Rosa and Walton Counties, Florida. Its principal address is 6495 Caroline Street, Suite C, Milton, Florida 32570.

## JURISDICTION AND VENUE

6. This is an action to address violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "Equal Pay Act").

7. This Court has federal question jurisdiction over Dr. Minyard's claims pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants because they are located within this judicial district, conducted business within this judicial district and violated the Equal Pay Act within this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Dr. Minyard was appointed the District Medical Examiner for District One by the Governor of Florida in 2004. She served in this capacity until September of 2019.

11. The position of District Medical Examiner is a statutorily created position pursuant to Chapter 406 of the Florida Statutes.

12. From 2004 until approximately September of 2018, Dr. Minyard served in this position as a quasi-independent contractor for each of the Defendant Counties plus Okaloosa County.

13. Beginning on October 1, 2018, terms of Dr. Minyard's employment with the Defendants changed at the Defendants' direction. From October 1, 2018 until September 30, 2019, the Defendants were Dr. Minyard's "employers[1]" within the meaning of the Equal Pay Act. The Defendants paid Dr. Minyard an annualized salary of $250,000.00 for her work as Chief Medical Examiner during this period and exercised considerable control over the structure and conditions of her employment.

14. Dr. Minyard's employment with the Defendants ended on September 30, 2019. The Defendants subsequently hired Timothy Gallagher, M.D., as Chief

---

[1] The DOMES entity was created by the Counties in August of 2019 to facilitate the compensation of medical examiners. The Counties remained Dr. Minyard's "employers" within the meaning of the Equal Pay Act at all applicable times.

Medical Examiner. The Defendants are paying Dr. Gallagher an annualized salary of $350,000.00 plus additional compensation of $1,250.00 for each autopsy performed over 63 autopsies in each quarter. Had Dr. Minyard been paid the additional compensation of $1,250.00 for each autopsy over 63 autopsies per quarter, as agreed for Dr. Gallagher, the Defendants would have owed Dr. Minyard an additional $122,500.00 from October 1, 2018, through September 30, 2019, in addition to her base salary. Dr. Minyard did not receive additional compensation based on autopsy numbers. Dr. Gallagher is male.

15. Dr. Minyard has retained the undersigned attorneys to represent her in this matter and she is obligated to pay them a reasonable fee for their services.

## COUNT I – VIOLATION OF THE EQUAL PAY ACT

16. Dr. Minyard realleges the allegations in paragraphs 1-15 herein.

17. The Defendants were Dr. Minyard's employers and are subject to the Equal Pay Act.

18. The Defendants paid Dr. Minyard a lower wage than they are paying to Dr. Gallagher. Specifically, the Defendants are paying Dr. Gallagher $100,000.00 more on an annualized basis than they paid Dr. Minyard. The Defendants are also paying Dr. Gallagher additional compensation of $1,250.00 for each autopsy performed exceeding 63 that is performed in a quarter. Dr. Minyard never received the additional compensation of a per autopsy fee once a certain number of autopsies

were performed each quarter, despite the fact that she performed substantially more than 63 autopsies each quarter:

    a. 10/01/2018 through 12/31/2018 = 81 autopsies performed by Dr. Minyard.

    b. 01/01/2019 through 03/31/2019 = 82 autopsies performed by Dr. Minyard.

    c. 04/01/2019 through 06/30/2019 = 107 autopsies performed by Dr. Minyard.

    d. 07/01/2019 through 09/30/2019 = 80 autopsies performed by Dr. Minyard.

19. Dr. Gallagher works in the same establishment that Dr. Minyard worked.

20. Dr. Gallagher performs work that is equal to the work performed by Dr. Minyard. This work requires equal skill, effort and responsibility and is being performed under similar conditions. In addition, Dr. Minyard is Board Certified in Anatomical Pathology (1998), Clinical Pathology (1998), and Forensic Pathology (1999). Dr. Gallagher is not Board Certified in Anatomical, Clinical, or Forensic Pathology. Dr. Minyard has five years of experience as Associate Medical Examiner prior to and in addition to 15 years of experience as Chief Medical Examiner in District One. Dr. Gallagher has nine total years of experience as Associate Medical Examiner, with no experience as Chief Medical Examiner (prior to September 30, 2019). In fact, Dr. Gallagher was an Associate Medical Examiner employed by Dr.

Minyard for approximately 8 months, during which Dr. Minyard supervised the work of Dr. Gallagher.

21. The Equal Pay Act prohibits pay disparities unless they are made pursuant to a seniority system, a merit system, a system that measures earnings by quantity or quality of production or a differential based on any factor other than sex.

22. The differential in pay between Dr. Minyard and Dr. Gallagher did not occur because of a seniority system, a merit system, a system that measures earnings by quantity or quality of production or a differential based on any factor other than sex.

23. Federal law provides that "[i]f a person of one sex succeeds a person of the opposite sex on a job at a higher rate of pay than the predecessor, and there is no reason for the higher rate other than difference in gender, a violation as to the predecessor is established and that person is entitled to recover the difference between his or her pay and the higher rate paid the successor employee." 29 C.F.R. § 1620.13(b)(4).

24. Defendants caused, contributed to or caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

25. Dr. Minyard has sustained damages as a direct, legal and proximate result of this discrimination.

WHEREFORE, Plaintiff, ANDREA N. MINYARD, M.D., demands judgment against Defendants, ESCAMBIA COUNTY, SANTA ROSA COUNTY, WALTON COUNTY and DISTRICT ONE MEDICAL EXAMINER SUPPORT, INC., for all monetary relief available including economic damages, prejudgment interest, attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands a trial by jury.

/s/ *Jeremy C. Branning*
**JEREMY C. BRANNING**
Florida Bar No.: 507016
**ANDREW M. SPENCER**
Florida Bar No.: 0119966
CLARK PARTINGTON
125 East Intendencia Street
Pensacola, Florida 32502
P/E: jbranning@clarkpartington.com
P/E: aspencer@clarkpartington.com
S/E: jdallman@clarkpartington.com
Phone: (850) 434-9200

And

**T.A. BOROWSKI, JR.**
Florida Bar No. 843393
BOROWSKI & TRAYLOR, P.A.
P.O. Box 12651
Pensacola, Florida 32591
ted@borowski-traylor.com
Phone: (850) 429-2027

*Attorneys for Plaintiff,*
*Andrea N. Minyard, M.D.*